**BROWN-BROCKMEYER CO., Employer-Appellant, v. ROACH, Employee-Appellee, MASTER ELECTRIC CO., EVENING NEWS PUBLISHING CO., Employers-Appellees.**

Ohio Appeals, Second District, Montgomery County.

No. 1892.    Decided November 30, 1946.

A. K. Meck, Dayton, for appellant.

Hugh S. Jenkins, Attorney General of Ohio, and John M. Woy, Asst. Attorney General, Columbus, for Board of Review.

### OPINION

By WISEMAN, J.

This is an appeal on law from the judgment of the Court of Common Pleas of Montgomery County, Ohio, affirming the

decision of the Referee of the Board of Review, Bureau of Unemployment Compensation, allowing a claim to employee, John Michael Roach.

The claimant is over 64 years of age and for 40 years was employed as a salesman. During the war emergency he lost his job as a salesman and took several other jobs in and around Dayton. He built up his unemployment record by being employed as an inspector at the Master Electric Company from August 28, 1943 to November 24, 1943, when he left said employment because of illness; re-employed December 6, 1943 and quit January 5, 1944 when work in his department ran out and employer sought to transfer him to another department; employed as a collector by the Evening News Publishing Company on January 12, 1944 and quit on January 27, 1944 because the position required him to do excessive walking; employed as an inspector by The Brown-Brockmeyer Company on April 22, 1944 and quit on July 28, 1944 voluntarily. Claimant testified he quit first because he planned to enter govermental service, and second because he was dissatisfied with inspection methods used by the company. He applied for a governmental position but was rejected because he had high blood pressure. Thereupon, claimant made numerous applications for employment as a salesman, the type of employment in which he is most experienced. The record shows he has reported weekly at the local office of the Bureau since filing his claim and has been unable to find work and has had no offer of employment by former employers.

Because he quit his employment at the Brown-Brockmeyer Company he was subjected to the penalty of being required to wait an additional three weeks before receiving benefits, and the total amount of benefits he could draw was reduced to twelve times his weekly benefit amount, as provided by **Section 1345-6, sub-section b, second paragraph, and sub-section c, General Code of Ohio,** as it existed under the 1943 Amendment.

The Referee allowed the claimant benefits and the decision of the Referee was affirmed by the judgment of the Court of Common Pleas of Montgomery County. From this judgment an appeal has been taken to this Court.

The Appellant has filed numerous assignments of error, some of which are not urged. The gist of the contention of the appellant is that the claimant voluntarily quit his employment, and that having quit voluntarily, in the absence of a showing to the contrary, the presumption prevails that the same position is still open to him; and that therefore the claimant cannot show, as required by statute, that he is unable to find employment. To establish the validity of his

claim, the claimant must show that he has complied with **Subsections (1), (4), and (5) of §1345-6-a, GC,** which provides:

"(a) - No individual shall be entitled to any benefits unless he or she

(1) - Has been employed by an employer (or employers) subject to this act in at least twenty calendar weeks within his base period, and has earned wages in his base period equal to not less than $160.00; * * *

(4) - Is able to work and available for work in his usual trade or occupation, or in any other trade or occupation for which he is reasonably fitted; and

(5) - Is unable to obtain work in his usual trade or occupation or any other employment for which he is reasonably fitted including employments not subject to this act."

There is sufficient evidence in the record to support the finding of the Court that the claimant has fulfilled the requirements of Sub-sections (1) and (4). Has claimant shown he is unable to obtain work? The appellant relies on **Canton Malleable Iron Co. v Green, 75 Oh Ap 526,** which held:

"When one quits his regular job of employment, in the absence of a showing to the contrary, the presumption must be that the same is still open to him."

That case is distinguishable from the instant case on the facts. In that case the claimant on several occasions voluntarily walked off the job without notice to the employer and without just cause. On one occasion he was offered employment and returned to the job and worked for about fifteen days and than quit again without notice to the company and without just cause. In that case the claimant did not submit any evidence of his inability to obtain work. The Court on this state of facts held that there was a presumption he could continue to work at the same job, and denied the claimant benefits.

In the instant case, the claimant gave notice to the company of his desire to quit, stating his reason, whereupon the company issued a Separation Notice which was essential in order to secure employment elsewhere. Under this state of facts, no presumption arises that his former employment is still open to him.

In the case of **Kut v Albers Super-Markets, Inc., 146 Oh St 522,** cited by appellant, the claimant was referred to two other companies, each of which was willing to employ him as a shipping clerk, the nature of the employment being similar

to that in which he was formerly engaged. He refused to accept the positions for the reason that he refused to work on Saturday. His employment with Albers-Super-Markets, Inc. was terminated by his refusal to continue to perform the work assigned to him. This case is distinguishable from the case at bar on the facts.

In the instant case the fact that the claimant voluntarily quit work does not in and of itself deprive him of benefits under the Act. In such case the claimant is penalized by postponement of the time from which he may draw benefits and the total amount which he may draw is reduced. The claimant still has a right to benefits if he shows a compliance with the provisions of §1345-6-a, GC.

The Referee found that the claimant made a bona fide effort to find employment in his usual trade or work, or employment for which he was reasonably fitted. He found none and was offered none. Judge Martin in a well-considered and exhaustive opinion affirmed the finding of the Referee. We do not find any error in the record on the matters assigned which are prejudicial to the appellant.

Judgment affirmed.

HORNBECK, PJ, MILLER, J, concur.